UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                     Case No.  14-20007

Walter Bridges,               Sean F. Cox
                                           United States District Court Judge

    Defendant.

_____/

## OPINION & ORDER

In this action, Defendant Walter Bridges ("Defendant") is charged with narcotics and firearm offenses. This matter is currently before the Court on Defendant's Motion for Release on Unsecured Bond (Docket Entry No. 13), which was heard by the Court on February 21, 2014. At that hearing, Counsel for Defendant amended his motion to the extent that he asked the Court to consider releasing Defendant on a secured bond, with other appropriate conditions. For the reasons set forth below, the Court shall DENY Defendant's motion for release on an unsecured bond. The Court shall also DENY Defendant's motion to the extent that it asks the Court to allow Defendant to be released on a secured bond with additional conditions of release.

## BACKGROUND

Defendant was charged in this action via a criminal complaint on December 18, 2013. On that same date, Magistrate Judge Laurie Michelson issued an Order of Temporary Detention.

Magistrate Judge David Grand held a detention hearing on December 23, 2013, after which he issued an Order of Detention Pending Trial.

Defendants filed a Motion for Release on Unsecured Bond, which was heard by the Court

1

on February 21, 2014. At that hearing, Counsel for Defendant amended his motion to the extent that he asked the Court to consider releasing Defendant on a secured bond. Defense Counsel argued that there is culture in the United States District Court for the Eastern District of Michigan under which a defendant is either released on an unsecured bond or detained. Defense Counsel asserted that in some cases, including this one, it is appropriate to release a defendant pending trial on a secured bond with additional conditions of release.

The Government stated that its position is that Defendant poses a danger to the community and that he should not be released on either an unsecured or a secured bond.

## ANALYSIS

18 U.S.C. § 3145(b) governs review of detention orders and provides that "[i]f a person is ordered detained by a magistrate judge ... that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly."

This Court reviews a defendant's appeal of an order of detention *de novo. United States v. Leon,* 766 F.2d 77 (2d Cir.1985); *see also United States v. Koubriti,* 2001 WL 1525270 (E.D. Mich. 2001) (Although the Sixth Circuit has not squarely addressed the issue of the proper standard of review of a magistrate judge's detention order, the majority of the circuits that have considered the issued have ruled that a *de novo* review is appropriate); *United States v. Runnderstand,* 2008 WL 927774 (E.D. Mich. 2008).

A court may order detention of the defendant if, by clear and convincing evidence, the court finds that no set of conditions will reasonably assure the appearance of the person and the safety of the community. 18 U.S.C. § 3142(f). In determining whether no condition or combination of

conditions will reasonably assure the appearance of the defendant and the safety of the community, the district court must take into account the available information concerning: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the defendant; 3) the history and characteristics of the defendant; and 4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g).

In addition, § 3142(e) of the Bail Reform Act, 18 U.S.C. § 3141 *et seq.,* requires judicial officers making pretrial detention decisions to apply a "rebuttable presumption," in certain types of cases. A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community exists if the Court finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. § 3142(e).

Here, the Indictment charges Defendant with presumption offenses. The indictment is sufficient to establish probable cause that a defendant committed the charged offense. *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir. 1985); *United States v. Rippie,* 2008 WL 2741941 at * 3 (E.D. Mich. 2008). Moreover, both parties agree that this is a presumption case.

As set forth in *United States v. Rippie,* this rebuttable presumption favoring detention operates as follows:

> If a defendant produces some evidence to rebut the presumption, "the rebutted presumption retains evidentiary weight." *United States v. Dillon,* 938 F.2d 1412, 1416 (1st Cir. 1991). The rebuttable presumption does not relieve the Government of its ultimate burden of proof. *United States v. Music,* 2007 WL 2067057, at *3 (W.D.Ky. July 16, 2007). The facts used to determine that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community must be supported by clear and convincing

evidence. 18 U.S.C. § 3142; *Hazime,* 762 F.2d. at 37.

*United States v. Rippie, supra*, at * 4; *see also* 9B Fed. Proc. L.Ed.. § 22:1858 (Once the presumption has been triggered, "the defendant carries the burden of producing some credible evidence that the defendant will appear and will not pose a threat to the safety of the community; the government maintains the burden of persuasion as to the existence of these facts.").

As explained below, having carefully considered the relevant factors, this Court concludes that there is no combination of conditions that will reasonably assure the appearance of Defendant and the safety of the community. While this Court agrees with Defense Counsel that there are cases wherein it is appropriate to release a defendant pending trial on a secured bond with additional conditions of release, this is not such a case.

The Court first considers the nature and circumstances of the offenses charged. In this action, Defendant is charged with narcotics and firearm offenses, which are serious crimes that carry potential penalties of up to life imprisonment.

Second, this Court considers the weight of the evidence against Defendant. This factor, however, "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). At time of the arrest in this case, Defendant was found in possession of firearms, ammunition, and narcotics that were individually packed for resale. Although he did not brandish a weapon upon being approached by the officers who ultimately arrested him, Wayne County Sheriff Corporal Neese testified that Defendant resisted arrest and swung his fist at him.

Third, the Court considers the history and characteristics of Defendant. The most

significant[1] events in Defendant's criminal history are his convictions for felony armed robbery, and felony assault with a dangerous weapon, at age 18. Those are serious, and violent, crimes.

Defendant was incarcerated from 2001 to 2011. Upon his release, Defendant successfully completed boot camp and his parole term. But the arrest that forms the basis for the charges in this case occurred just six weeks after he completed his parole term. Defendant is thirty years old and is a lifelong resident of this district. Although Defendant has no employment or assets, he has ties to his family, who also reside in this district.

Fourth, the Court considers the nature and seriousness of the danger posed by Defendant's release. The instant offense involves weapons and ammunition that were found in a car and Defendant was the sole occupant of that car. In addition, there were seventeen (17) individually-wrapped pieces of crack cocaine in the car.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion for Release on an Unsecured Bond is DENIED.

IT IS FURTHER ORDERED that the Court DENIES Defendant's motion to the extent that it asks the Court to allow Defendant to be released on a secured bond. While this Court agrees with Defense Counsel that there are cases wherein it is appropriate to release a defendant

---

[1] His other convictions or arrests are for minor or non-violent offenses (ie., disorderly conduct as a juvenile, a traffic violation for improper plates, minor in possession of alcohol, and use of a loud speaker).

pending trial on a secured bond with additional conditions of release, this is not such a case.

    IT IS SO ORDERED.

                                    S/Sean F. Cox  
                                    Sean F. Cox  
                                    United States District Judge

Dated: March 4, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 4, 2014, by electronic and/or ordinary mail.

                                    S/Jennifer McCoy  
                                    Case Manager