UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                        Criminal Case No. 14-20007

Walter Bridges,                    Sean F. Cox
                                                United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Walter Bridges was convicted of drug and firearm offenses and was sentenced to a total of 116 months imprisonment. Bridges is serving that sentence and is currently being housed at FCI Elkton, one of the federal prisons significantly impacted by the ongoing novel coronavirus pandemic ("COVID-19"). The matter is currently before the Court on Bridges's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). This motion asks the Court to allow Bridges to serve the remainder of his sentence at home because of the number of COVID-19 infections, and related conditions, at FCI Elkton. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion because Bridges has not shown that there are extraordinary and compelling reasons to reduce his sentence, that his release would be consistent with applicable policy statements issued by the Sentencing Commission, or that the 18 U.S.C. § 3553(a) sentencing factors favor his release.

**BACKGROUND**

In this criminal case, Bridges was charged with the following counts: (1) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One); (2) possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (Count Two); (3) possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (Count Three); (4) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count Four); and (5) possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Five).  Bridges proceeded to trial and the jury found Bridges guilty on all five counts.

This Court sentenced Bridges to 56 months imprisonment on Counts One through Four, all to be served concurrently, and 60 months on Count Five, to be served consecutive to Counts One though Four.

Bridges's convictions were affirmed on direct appeal.  (*See* ECF No. 63).  Bridges's also filed a motion seeking relief under 28 U.S.C. § 2255, which was denied by this Court and that ruling was also affirmed on appeal.  (ECF Nos. 95 & 101).

Acting *pro se*, Bridges filed a Motion for Compassionate Release on April 20, 2020. (ECF No. 102).   The Government opposes the motion.

## ANALYSIS

Bridges's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow Bridges to serve the remainder of his sentence in home confinement.

**A.     The Parties' Arguments**

Bridges's motion is grounded in the COVID-19 pandemic.  This motion asks the Court to allow Bridges to serve the remainder of his sentence at home because of the number of COVID-19 infections, and related conditions, at FCI Elkton.   Notably, Bridges's motion states

2

that he has no current health problems. (*See Id.* at 2). Thus, Bridges's motion is not based upon an assertion that he suffers from any medical conditions that place him at undue risk of contracting, or suffering serious complications from, COVID-19. Rather, Bridges states that he is concerned about the number of infections that have occurred at FCI Elkton and that he fears for his safety.

The Government's arguments in opposition to the motion include that: 1) Bridges has not satisfied Section 3582(c)(1)(A)'s exhaustion requirement[1]; 2) the Bureau of Prisons has already taken extraordinary measures at FCI Elkton to combat the COVID-19 pandemic and those efforts have resulted in a decreased infection rate at that facility; and 3) Bridges does not qualify for compassionate release because he does not satisfy the criteria, as he is 37 years old and has no medical conditions, and his speculative fear of contracting the virus does not warrant release.

**B.     Applicable Standards**

This Court recently explained the standards that apply to a motion for compassionate relief:

> Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).
> U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply

---

[1] The Court notes that Bridges filed his motion for compassionate release on April 20, 2020, two days after making his request for compassionate release to the BOP. Thus, Bridges filed this motion before satisfying § 3582(c)(1)(A)'s exhaustion requirement. Nevertheless, it has now been more than thirty days since Bridge's request was submitted to the BOP. As such, the Court will analyze the merits of the motion. *United States v. Qazi*, 2020 WL 2526118 (E.D. Mich. May 18, 2020).

> when considering Murphy's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." The category of "Other Reasons" requires the BOP to determine that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances under this fourth category. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).
>
> "In all, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted).

*United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

**C.     Relief Available**

Bridges's motion asks this Court to allow him to serve the balance of his sentence in home confinement.

As this Court recently explained in *Murphy*, "the compassionate-release statute allows the Court to craft a reduced sentence that, for all practical purposes, looks very much like ordering that [a defendant] be allowed to spend the remainder of his current sentence on home confinement. It just requires a few more steps:"

> Under 18 U.S.C. §3582(c)(1), the Court can reduce [a defendant's] current custodial sentence and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). In other words, the Court could reduce [a defendant's] current sentence to time served, then order [that defendant] to serve a time period equal to his undischarged prison term on supervised release

4

and order that, as a condition of that release, he be confined to his home. *See, e.g., United States v. Hunt*, 2020 WL 239522 at *8 (E.D. Mich. May 12, 2020).

*United States v. Murphy*, supra, at *4.

But modifying a defendant's sentence in this way would still require a reduction of his current custodial sentence. *Id*. Thus, Bridges would still need to meet the conditions described above.

**D.     Extraordinary and Compelling Reasons / U.S.S.G. § 1B1.13**

As this Court recently explained in *Murphy*:

> The First Step Act effectively transferred the power to determine whether "extraordinary and compelling reasons" exist from the BOP to the federal courts. *See, generally, United States v. Young*, 2020 WL 1047815 at *3-6 (M.D. Tenn. March 4, 2020) (describing changes in the statutory and regulatory standards that governed compassionate release motions from 1984 to the present). Before the First Step Act, the BOP made that call by applying a standard articulated by the United States Sentencing Commission in an Application Note to U.S.S.G. § 1B1.13. *Id.* Today, that finding is not predicated on either that Application Note or the BOP's judgment because the First Step Act gave the judiciary "the authority to reduce a prisoner's sentence upon the [C]ourt's independent finding of extraordinary or compelling reasons." *Id*. at *6 (collecting cases). To make this finding, the Court may still look to § 1B1.13's Application Note for guidance in applying this "vague standard." *United States v. Ebbers*, __ F.Supp.3d __, 2020 WL 91399 at *2 (S.D.N.Y. Jan. 8, 2020); *see also United States v. Beck*, 425 F.Supp.3d 573, 579 (M.D.N.C. 2019).
>
> To begin, § 1B1.13's Application Note provides certain circumstances in which a prisoner's medical condition constitutes an extraordinary and compelling reason for a sentence reduction:
>
>> 1.   Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>>
>> (A) Medical Condition of the Defendant.
>>
>>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic

> solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> U.S.S.G. § 1B1.13, comment. (n.1) (2018).

*Murphy, supra*, at * 4-5.

Here, Bridges clearly does not meet either circumstance described in § 1B1.13's Application Note. Bridges is a 37-year-old man who is in good health. Indeed, Bridges own motion acknowledges that he does not have any current health problems.

Moreover, the circumstances presented here simply do not provide "extraordinary and compelling" reasons to reduce Bridges's sentence. "A court in this district has defined 'extraordinary' as 'exceptional to a very marked extent,' and 'compelling' as 'tending to convince or convert by or as if by forcefulness of evidence.*' Shah,* 2020 WL 1934930 at *2 (E.D. Mich. April 22, 2020) (quoting Webster's Third International Dictionary, Unabridged (2020)). Another court in this district has described the requirements of 'extraordinary' as beyond what is usual, customary, regular, or common,' and 'compelling reason' as one so great that irreparable harm or injustice would result if the relief is not granted. *United States v. Sapp*, 2020 WL 515935 at *3 (E.D. Mich. Jan. 31, 2020) (citations omitted)." *Murphy, supra*, at * 5.

Bridges's fear about contracting COVID-19 at FCI Elkton is speculative. Bridges does not have any underlying conditions that cause him to have an elevated risk of the developing the more severe symptoms of COVID-19. And a generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of "extraordinary and compelling reasons" that justify compassionate release. *Murphy, supra*, at *6; *United States v. Shah*, 2020 WL 1834930 at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the extreme remedy of compassionate release."). Further, as detailed in the Government's response, FCI Elkton has instituted strict protocols designed to prevent the spread of COVID-19 within the facility.

E.  **18 U.S.C. § 3553(a) Factors**

In this criminal case, Bridges was convicted of five felony offenses involving drug trafficking and the possession of firearms and ammunition. Bridges also has an extensive criminal history that includes violent and assaultive behavior. In addition, as the Government notes, Bridges' "employment history is sparse and unverified, mostly because he has spent most of his young adult life in prison" and Bridges "has not yet completed the Release Preparation Program recommended by the BOP, which includes classes for employment, personal finance and consumer skills, release procedures and requirements and community resources." (Govt.'s Br. at 23). This Court concludes that the 18 U.S.C. § 3553(a) sentencing factors do not weigh in favor of compassionate release.

**CONCLUSION & ORDER**

For the reasons set forth above, **IT IS ORDERED** that Bridges's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

                                                          s/Sean F. Cox
                                                          Sean F. Cox
                                                          United States District Judge

Dated: May 20, 2020